IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-10957
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN WAYNE BLEVINS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-173-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Kevin Wayne Blevins appeals the 380-month sentence imposed following his guilty-plea conviction for possession with intent to distribute and distribution of over 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841. Blevins argues that the district court erred by adopting the drug quantity set forth in the presentence report (PSR) because the quantity was based on an unreliable source, Teresa Dibrell. Blevins contends that Dibrell is unreliable because she was interviewed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on several occasions, and on each occasion, Dibrell reported that she purchased a different quantity of methamphetamine from Blevins. In support of this argument, Blevins offered at sentencing the testimony of an investigator who interviewed Dibrell on two occasions.

Our review of the district court's sentencing decision is for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594 (2007). "Neither Gall, Rita v. United States, [127 S. Ct. 2456 (2007)], nor Kimbrough v. United States, [128 S. Ct. 558 (2007)] purport to alter our review of the district court's construction of the Guidelines or findings of fact." United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). A district court's determination of the amount of drugs attributable to a defendant for sentencing purposes is a finding of fact that we review for clear error. United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998); see United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). Under the clear error standard of review, if the finding is plausible in light of the record viewed as a whole, we may not reverse even if we are convinced that we would have made a different finding. Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000).

The investigator's testimony at sentencing did not establish that the PSR information was materially untrue, inaccurate, or unreliable. See United States v. Parker, 133 F.3d 322, 329 (1998). Because the district court's finding on drug quantity was plausible in light of the record viewed as a whole, the district court did not clearly err by adopting the drug quantity set forth in PSR. See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.